```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

Kenneth M. Schwering,            )
et al.,                          )
                                 )
            Plaintiffs,           ) Case No. 1:10-CV-679
                                 )
    vs.                          )
                                 )
TRW Vehicle Safety Systems,      )
Inc., et al.,                    )
                                 )
            Defendants.           )

O R D E R

This matter is before the Court on Plaintiff Kenneth Schwering's motion to disregard the answer of the Supreme Court of Ohio as to the Certified Question (Doc. No. 40) and Defendants' joint motion to lift stay and for renewal of their motions to dismiss (Doc. No. 43).  For the reasons that follow, Plaintiff's motion to disregard is not well-taken and is **DENIED**; Defendants' motion to lift stay and for renewal of their motions to dismiss is well-taken and is **GRANTED.**

Plaintiff Kenneth M. Schwering filed products liability and negligence claims on behalf of himself and his decedent arising out of a 2002 SUV accident in which he was seriously injured and his decedent was fatally injured.  Plaintiff previously asserted the same claims in a suit he filed against the Defendants in the Hamilton County Court of Common Pleas.  Complaint ¶ 5.  The case proceeded to a jury trial on May 18, 2009 but ended in a mistrial on June 9, 2009 during Plaintiff's

case-in-chief.  Id. ¶ 6.  Thereafter, Plaintiff filed a notice of voluntary dismissal pursuant to Ohio Civ. R. 41(A)(1)(a) and the case was closed on the state court docket.  Id. ¶ 7.

Plaintiff re-filed the same claims in this Court in September 2010.  Defendants moved to dismiss the complaint on the grounds that under Ohio law, Plaintiff's voluntarily dismissal of the complaint in state court after the jury had been empaneled and sworn was an adjudication on the merits since trial had commenced for purposes of Ohio Rule 41(A)(1)(A) at the time of the dismissal.  Defendants argued, therefore, that this Court must dismiss Plaintiff's federal complaint since a district court is required to give the same preclusive effect to a state court judgment that a state court would.  Plaintiff's position was that the state judge's declaration of a mistrial essentially rendered all of the prior proceedings a nullity and put the case in the same position as if the trial have never commenced.  Therefore, according to Plaintiff, under the state rules of procedure, he was entitled to voluntarily dismiss his case without leave of court and without the dismissal operating as an adjudication on the merits.  Consequently, Plaintiff argued, the voluntary dismissal of his state court complaint did not preclude re-filing the same claims later in federal court.

Since the issue raised by Plaintiff's complaint and Defendants' motions to dismiss was a potentially dispositive

2

issue of state law, this Court certified the following question to the Supreme Court of Ohio for resolution:

> Where a jury has been empaneled and sworn and the trial has commenced for purposes of Ohio Civ. R. 41(A)(1)(a), and the trial court subsequently declares a mistrial, does Rule 41(A)(1)(a) permit the plaintiff to unilaterally voluntarily dismiss his or her claims without prejudice?

Doc. No. 36, at 4. The Court then stayed this case pending the Supreme Court of Ohio's answer to the certified question.

On April 4, 2012, the Supreme Court of Ohio issued an opinion which answered the certified question in the negative. Schwering v. TRW Vehicle Safety Sys., Inc., ___N.E.2d___, No. 2011-0438, 2012 WL 1138195 (Ohio Apr. 4, 2012). Specifically, the Supreme Court held that "[a] plaintiff may not voluntarily dismiss a claim without prejudice pursuant to Civ. R. 41(A)(1)(a) when a trial court declares a mistrial after the jury has been empaneled and the trial has commenced." Id. at *1 syl. 1. In other words, according to the Supreme Court of Ohio, Plaintiff's voluntary dismissal of his claims without leave of court after the trial court declared a mistrial was an adjudication on the merits of his claims. Therefore, pursuant to Schwering, Plaintiff is precluded under state law from re-filing his products liability and negligence claims. This Court, therefore, is required to give the same preclusive effect that Ohio courts would and dismiss Plaintiff's complaint.

3

Despite the clarity of the answer to the certified question, Plaintiff now moves this Court to disregard the Supreme Court's opinion on the grounds that it conflicts with his right under the Seventh Amendment to the U.S Constitution to a jury trial on his claims.  Plaintiff's motion to disregard the Supreme Court of Ohio's decision is untenable - the Court simply is not at liberty to do so.  Grover v. Eli Lilly & Co., 33 F.3d 716, 719 (6th Cir. 1994) ("When a state supreme court accepts a certified question, it voluntarily undertakes a substantial burden and its resolution of the issue must not be disregarded."); ("Having represented to the Ohio Supreme Court that its answer would be dispositive of the case, the district court was bound to follow state law as declared in the answer.").  Plaintiff's contention that the Ohio Supreme Court's decision violates his Seventh Amendment right to a jury trial is without merit.  Plaintiff forfeited his right to a jury trial by improperly voluntarily dismissing his complaint in state court.

In light of the Schwering decision, Defendants' motion to lift the stay in this case is well-taken and is **GRANTED.** Additionally, as already discussed, Schwering compels the conclusion that Plaintiff is precluded from re-filing his products liability and negligence claims in this Court. Accordingly, Defendants' renewed motion to dismiss is well-taken

and is **GRANTED.** The complaint is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date May 17, 2012                    s/Sandra S. Beckwith
                                     Sandra S. Beckwith
                                     Senior United States District Judge